IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 7, 2003

## DAVID W. VAUGHN v. DAIMLER CHRYSLER CORPORATION, ET AL.

**Appeal from the Circuit Court for Carter County**
**No. C7665     Jean A. Stanley, Judge**

**FILED JUNE 4, 2003**

**No. E2002-02163-COA-R3-CV**

David W. Vaughn sues Daimler Chrysler Corporation and Grindstaff, Inc., seeking damages in connection with his October 1994 purchase of a 1994 Chrysler LHS automobile which was manufactured by Chrysler and sold to him by Grindstaff. The complaint alleges violations of T.C.A. Title 55, Chapter 24, commonly known as the "Lemon Law." The Trial Court sustained a motion for summary judgment filed by the Defendants, resulting in this appeal, wherein Mr. Vaughn contends there are disputed material facts rendering summary judgment inappropriate. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Lon V. Boyd, Kingsport, Tennessee, for the Appellant, David W. Vaughn

G. David Hatfield, Knoxville, Tennessee, for the Appellees, Daimler Chrysler Corporation and Grindstaff, Inc.

### OPINION

Mr. Vaughn contends that on December 15, 1996, he experienced a problem with the emergency brake of the vehicle and the automatic transmission mechanism. He manually released the emergency brake while the car was in neutral and parked on a steep incline causing it to roll downhill and strike a pile of railroad ties, which caused damage to the automobile of approximately $2,275.00.

The automobile was then towed to Grindstaff where, according to a representative of Grindstaff, Mr. Vaughn refused to authorize repair until July 2, 1997, and according to Mr. Vaughn because Grindstaff refused to repair it. In any event, the vehicle was ultimately repaired in

accordance with the estimate of Mr. Vaughn's insurance company and was released to him in July 1997. About one month later, Mr. Vaughn brought the vehicle to Grindstaff complaining of brake vibrations. An inspection disclosed that the brakes and rotors were worn out and needed to be replaced. This was accomplished and the vehicle returned to Mr. Vaughn within hours.

Approximately one year later, on July 7, 1998, Mr. Vaughn again brought the vehicle to Grindstaff, contending there was smoke coming out from under the hood and that the engine had stalled. A subsequent inspection disclosed a broken alternator belt, which was replaced under warranty at no charge. Some two months later Mr. Vaughn again brought the vehicle to Grindstaff, complaining that the transmission was "uneven." The proof shows that the car had been driven only five miles since the brake replacement two months earlier, and only one hundred miles in the 21 months since the vehicle rolled down the hill and struck the railroad ties.

A number of depositions and affidavits were filed in connection with the Defendants' motion for summary judgment, and at the hearing as to this motion the Trial Court entered the following order on July 18, 2002.

ORDER ON MOTION FOR SUMMARY JUDGMENT

Defendants have moved for summary judgment, which motion is opposed by the Plaintiff. At oral argument of the motion, the parties agreed that the subject vehicle has not been subject to repair four or more times for the same alleged defect. T.C.A. § 55-24-205(a)(1). The parties disagree on whether the vehicle has been out of service by reason of repair for an accumulative total of 30 or more calendar days. T.C.A. 55-24-205(a)(2). The parties also disagree whether the subject vehicle is "substantially impaired" as defined by the statute. T.C.A. § 55-24-201(4).[1]

Plaintiff's attorney has conceded that the remaining issues require expert testimony. Plaintiff is given until August 1, 2002, to file with the Court an affidavit of an expert witness setting forth such expert's opinion that the vehicle is substantially impaired and setting forth the witness' name, address, field of his/her expertise, and brief summary of qualifications and opinions.

---

[1]    (4) "Substantially impair" means to render a motor vehicle unreliable or unsafe for normal operation or to reduce its resale market value below the average resale value for comparable motor vehicles.

T.C.A. 55-24-203[2] sets out the remedy available to the Plaintiff should the Court find "the defect or condition substantially impairs the motor vehicle."

Mr. Vaughn never produced an expert witness in support of his contentions relative to "a defect or condition substantially impairing" the vehicle, whereupon the Trial Court sustained the motion for summary judgment by order entered August 8.

We believe in light of the concession of Mr. Vaughn's counsel at the hearing on the motion for summary judgment hereinbefore set out, there is no material evidence to contradict not only the Defendants' expert, but also an expert who examined the vehicle for Mr. Vaughn, that there was no defect or condition which substantially impaired the vehicle.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against David W. Vaughn and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[2] **55-24-203. Replacement or repair of vehicles – Refunds – Refinancing agreements – Defenses.** – (a) The manufacturer must replace the motor vehicle with a comparable motor vehicle or accept return of the vehicle from the consumer and refund to the consumer the full purchase price if:

  (1) The nonconformity, defect or condition substantially impairs the motor vehicle.